IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICHARD C. BROWER, PLAINTIFF,

VS. CIVIL ACTION NO. 2:05CV212-P-A

STALEY, INC., DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [8-1]. Upon due consideration of the Amended Complaint, the Notice of Removal, the Motion to Remand and the response filed thereto, the court finds as follows, to-wit:

The plaintiff filed his original action on December 8, 2003 in the Circuit Court of Coahoma County, Mississippi expressly seeking damages "in an amount less that $75,000.00" for injuries arising from a vehicle collision. The plaintiff is a resident of Mississippi and the defendant is a resident of Arkansas. The plaintiff avers that at the time of his original complaint, he believed his total medical expenses were approximately $5,500.00 but he was still receiving medical treatment and subsequently sought treatment from a neurosurgeon, Dr. Craig Clark.

On January 30, 2004, the plaintiff denied the defendant's request for admission that the plaintiff was indeed seeking damages in excess of $75,000.00. Other requests for admission included: (1) that the plaintiff will not, after the expiration of one year from the date this action was commenced, move to amend the Complaint to seek damages in excess of $75,000, exclusive of interest and costs; (2) that the plaintiff and his attorneys will not ask a judge or jury for damages in excess of $75,000; (3) that in the event of a verdict in excess of $75,000, the plaintiff and his attorneys agree that they will not execute any portion of the judgment that exceeds $75,000; and (4)

1

that in the event of a verdict in excess of $75,000, the plaintiff and his attorney agree that any such judgment will be satisfied and cancelled upon payment of $75,000. To each of these requests for admissions, the plaintiff responded: "Due to unforeseen circumstances, Plaintiff can neither admit or deny this request. However, it is admitted that there are no present plans to amend this Complaint as the Plaintiff has current medical bills of approximately $5,500.

The plaintiff continued to be treated by Dr. Craig Clark. After receiving the plaintiff's updated medical records, defense counsel by two letters opined that this treatment was not related to the accident.

On November 16, 2004, the plaintiff had an anterior cervical microdiskectomy. Plaintiff's counsel received these medical records on December 10, 2004. Plaintiff's counsel avers that this was the first time he had in his possession any medical records indicating the cost of the surgery.

Dr. Craig Clark's deposition was noticed for November 15, 2004, within the one-year time period for the defendant to remove this case to federal court. The deposition was cancelled and re-noticed for January 3, 2005. The day before this new setting, the deposition was again cancelled by the defendant.

At present, the plaintiff argues that this microdiskectomy is related to the accident, even though there has not yet been an medical testimony regarding this issue.

The defendant removed this case based on the plaintiff's responses to the requests for admissions discussed above. Judge Davidson remanded the case to state court, ruling that the defendant had not sustained its burden in demonstrating that the plaintiff's claim is actually worth in excess of $75,000.00.

After the case was remanded to state court, the plaintiff moved to amend the complaint to

seek damages in excess of $75,000.00 based upon the additional medical records he received from Dr. Clark on December 10, 2004. The state court granted the motion and the plaintiff filed his Amended Complaint on October 6, 2005, nearly one year and ten months after filing his original complaint on December 8, 2003.

On October 14, 2005, the defendant removed the case to federal court once again, arguing that although the one-year deadline pursuant to 28 U.S.C. § 1446(b) had passed for removal, the equitable exception recognized in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) applies because the plaintiff knew he would be asking for damages in excess of $75,000 on or before November 3, 2004 (almost one month before the deadline) when the plaintiff agreed to the surgery.

The plaintiff responds that there is no evidence that plaintiff's counsel was aware of new facts before the deadline of December 8, 2004. The plaintiff states that "it is clear that Plaintiff's surgery was not performed until November 16, 2004 and that Plaintiff's counsel did not receive medical records from Dr. Craig Clark concerning Plaintiff's surgery until December 10, 2004."

The defendant counters that the plaintiff "actively allowed Defendant to remain under the impression that the treatment and surgery was unrelated until January 19, 2005, when the Defendant received the correspondence ... The date the Plaintiff's *counsel* received the pertinent information from Dr. Clark is not germane to the issue. The real question is when the Plaintiff, the actual litigant and person in interest, knew of the surgery. Surely this was at least November 3, 2004, when the Plaintiff agreed to the surgical procedures recommended by Dr. Clark....[The plaintiff] did not provide Defendant with notice that he intended to recover for the same (pursuant to his continuing duty under Miss. R. Civ. P. 26) until forty-three (43) days after the one year limitation of 28 U.S.C. § 1446(b) had expired, the same being seventy-eight (78) days after he learned the surgery was

scheduled for later that month."

In *Tedford*, the Fifth Circuit recognized an equitable exception to §1446(b)'s one-year limit. 327 F.3d at 424. The court held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity *may* require that the one-year limit in §1446(b) be extended." *Id.* at 428-29. (emphasis added). The Court takes the word "may" to mean that the decision to utilize the equitable exception is discretionary. Though the facts in *Tedford* involved adding a non-diverse party at the last minute to avoid diversity jurisdiction, the Fifth Circuit recognized in general that "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Id.* at 426.

Unlike the situation when Judge Davidson remanded this case the first time, the defendant has met the burden in demonstrating that the plaintiff's claim is actually worth in excess of $75,000.00 given that the Amended Complaint expressly states that it is. The court is persuaded that even if the plaintiff's counsel was unaware of the increase in his client's medical bills until after December 8, 2004 (one year after the original Complaint was filed), the plaintiff was indeed aware of this fact at least by November 3, 2004 when the plaintiff agreed to the surgery. The court concludes that, given that the very nature of the term "equitable" in the equitable exception doctrine means fairness, malfeasance is not necessarily required to utilize the exception. Giving the benefit of the doubt to both parties, it appears equitable to allow removal since there is now no dispute that there is diversity of citizenship and an amount in controversy in excess of $75,000.00. The court has no reason to doubt that had the defendant known about the extra medical bills for the November 2004 surgery, they would have removed on or before December 8, 2004.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [8-1] is **DENIED**.

**SO ORDERED** this the 23rd day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE