# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RICHARD C. BROWER,**                                            **PLAINTIFF,**

**VS.**                                 **CIVIL ACTION NO. 2:05CV212-P-A**

**STALEY INC.,**                                               **DEFENDANT.**

## ORDER

This matter comes before the court upon Plaintiff's Objection to the Order of Magistrate or Alternatively Request for Leave to Designate an Additional Expert [54]. After due consideration of the motion, the court finds as follows, to-wit:

Pursuant to Federal Rule of Civil Procedure 72(a), the district judge to whom the case is assigned shall consider objections to, or appeals of, a non-dispositive ruling by the U.S. Magistrate Judge on a clearly-erroneous or contrary-to-law standard. Having considered the U.S. Magistrate Judge's April 19, 2007 Order granting the defendant's motion for a protective order preventing the plaintiff from deposing the defendant's Rule 35 examiner, in addition to the parties' briefs regarding this issue, the court concludes that the U.S. Magistrate Judge's ruling was not clearly erroneous or contrary to law.

According to Professors Wright and Miller:

> Rule 35(b)(3) now states that the existence of Rule 35(b) does not preclude the taking of a deposition of the physician in accordance with the provisions of any other rule. This must be read in the light of the restrictions imposed by Rule 26(b)(4). Even if there is no privilege barrier, that rule speaks directly to discovery of facts known and opinions held by experts. If a doctor is to be called at the trial, Rule 26(a)(2) requires disclosure of the basis for the testimony and the deposition of the doctor can be taken. If the doctor is not to be called at the trial, discovery from him or her, except for the report furnished under Rule 35(b), can be had only upon a showing of

1

exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

8A Fed. Prac. & Proc. Civ.2d § 2237; *see also In re Shell Oil Refinery*, 132 F.R.D. 437 (E.D.La. 1990);*Carroll v. Praxair*, 2007 WL 43697 (W.D.La. 2007).

In this instance, Dr. Pratt was the defendant's Rule 35 medical examiner of the plaintiff. The defense paid for his examination and chose not to designate him as an expert to testify at trial. Since Dr. Pratt will not testify at trial, the plaintiff may not depose him and is limited to his report pursuant to Rules 35(b) and 26(b)(4)(B). The plaintiff has not demonstrated exceptional circumstances under which it was impracticable for him to obtain the facts or opinions on the same subject by other means, *i.e.*, the plaintiff has not shown why he could not have used his own treating physician or other expert to opine regarding the plaintiff's alleged long term disability.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Objection to the Order of Magistrate or Alternatively Request for Leave to Designate an Additional Expert [54] is **OVERRULED**; however,

(2) The Plaintiff may have until August 20, 2007 to be reexamined by his treating physician, Dr. Laura Gray, to determine the extent of his long-term disability, if any; and

(3) Both parties may have until September 4, 2007 to obtain any relevant discovery materials relating thereto.

**SO ORDERED** this the 6th day of August, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE