IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICHARD C. BROWER, PLAINTIFF,

VS. CIVIL ACTION NO. 2:05CV212-P-A

STALEY, INC., DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion for a New Trial [117]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiff moves pursuant to Fed. R. Civ. P. 59 for a new trial based on three arguments: first, because the court erred in denying the plaintiff's motion to strike and exclude the surveillance video; second, because the court erred in preventing the plaintiff from deposing Dr. Pratt, the defendant's independent medical examiner who was not designated as an expert, and excluding Dr. Pratt's report from being admitted into evidence; and third, because the verdict is against the weight of the evidence.

"A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 586 (5th Cir. 2003). "Courts grant a new trial when 'it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.'" *Id.* (quoting *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999)).

Having considered the parties' arguments, the court concludes that the plaintiff's motion for a new trial should be denied. As to the requirement of showing prejudicial error or substantial injustice, the court affirms its prior decisions in denying the plaintiff's motion to strike the surveillance video and denying the plaintiff's motion to strike the deposition of Dr. Pratt as

1

explained in its prior orders. The court also concludes that the plaintiff has not demonstrated that the great weight of evidence contradicts the verdict. There was ample evidence to support the verdict – especially with regard to the credibility of the plaintiff – and therefore the verdict was within the jury's proper province.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for a New Trial [117] is **DENIED**.

**SO ORDERED** this the 8th day of April, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE